[Civ. No. 3628. First Appellate District, Division One.—December 28, 1920.]

HERBERT FRANCISCO et al., Respondents, v. GEORGE SCHLEISCHER, Appellant.

[1] CONTRACT—RETURN OF PURCHASED PERSONAL PROPERTY — ACTION TO ENFORCE—EVIDENCE — FRAUD — CROSS-EXAMINATION OF PLAINTIFF.—In an action by a vendor of personal property to recover the possession from the purchaser under an agreement providing for the return of the property and the forfeiture of all payments made thereon, error, if any, in limiting the cross-examination of the plaintiff as to alleged fraud in procuring the agreement was without injury, where subsequently and after amendment of the answer the defendant was given full latitude as to such cross-examination.

[2] SALES—DEFAULT OF PURCHASER — RETURN OF PROPERTY — CONSIDERATION.—Permission to retain the possession and use of personal property for a specified time after default in payment with the right to receive the income therefrom is a sufficient consideration for an agreement for the return of the property to the vendor and for the forfeiture of all payments made thereon.

APPEAL from a judgment of the Superior Court of Inyo County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hogan & Carlson for Appellant.

A. H. Swallow for Respondents.

RICHARDS, J.—This is an appeal by the defendant from a judgment in favor of the plaintiffs for the sum of $3,008.15.

The controversy between the parties grows out of a contract entered into by them on September 21, 1917, by which the plaintiffs agreed to sell to the defendant a large quantity of personal property constituting a teaming and grading outfit, and including approximately 200 head of horses and mules, wagons, scrapers, plows, a grading-machine and many other articles, and also approximately 200 tons of hay. The contract was in writing, and the payments were to be made at stated intervals, title to all of said property being retained in the vendors (plaintiffs) until its terms had been complied with. The defendant being in default in his payments the plaintiffs threatened legal proceedings for the recovery of the property. All parties being desirous of avoiding such proceedings and the defendant being unable to comply with the plaintiff's demand for a further payment in accordance with the terms of the contract, the latter, on September 2, 1918, signed and delivered to the plaintiffs the following writing:

"I hereby agree to turn over to H. Francisco on the 15th day of September all real and personal property bought of H. Francisco and Katherine Francisco on the 21st day of September, 1917, and forfeit all payments made on said property."

The defendant having also failed to comply with the terms of this agreement, the present action was brought.

The plaintiffs in an amended complaint, upon which the action was tried, after setting up the execution of the contract of September 21, 1917, alleged that in consideration of their releasing the defendant from the further performance thereof he executed the writing of September 2, 1918, above recited, but that he had failed and refused to return a large portion of the personal property referred to therein (the details of which are set out in paragraph III of the amended complaint), and converted the same to his own use. The reasonable value of said articles of personal property is alleged to be $3,203, for which sum judgment was demanded. In a separate cause of action the plaintiffs alleged that they also about the time of entering into the contract of September 21, 1917, made a lease of certain real property to the defendant, upon which the sum of $400 was due and unpaid, and this amount is also included in their prayer for judgment. The recovery of the plaintiffs included this unpaid rent, but no controversy arises with respect to it.

The answer of the defendant denied the material averments of the amended complaint and set up various counterclaims, including one for the value of growing crops on said leased land when he surrendered it to the plaintiffs, and another claim for the sum of $500 claimed to be due for labor performed for the plaintiffs.

The cause went to trial upon the issues as thus made up, but at the conclusion of the first day of said trial the defendant requested, and was granted, leave to amend his answer. The following is the amendment thus made: "[Defendant] admits that he did on the second day of September, 1918, agree in writing to return to the plaintiffs on the fifteenth day of September, 1918, all property sold to him by them on the twenty-first day of September, 1917, and to forfeit all payments made on the same; but alleges that said agreement was and is unsupported by any consideration whatsoever; that he made the said agreement under a misunderstanding of the facts therein contained, and that he was induced to make said agreement by fraudulent acts and misrepresentations as to the meaning and purpose of the same done and made by the plaintiff, Herbert Francisco." The trial of the cause was resumed and concluded on the following day. Thereafter the court made and filed

its findings, these being in favor of the plaintiffs and against the defendant, except upon certain of his counterclaims, the amount of which was deducted from the sum otherwise due to the plaintiffs, and judgment in their favor was entered for the balance. On the counterclaim of the defendant for the sum of $500 for work and labor performed for the plaintiffs the court found that at the request of the defendant the plaintiff H. Francisco had invested this sum for him in a mining property, and negatived the contention of the defendant that said plaintiff had failed and refused to deliver to him the certificates of stock therefor.

[1] The defendant in support of his appeal first urges that the trial court erred in sustaining objections to a number of questions put by him to the plaintiff Herbert Francisco upon his cross-examination as a witness. It is not necessary to detail these questions, but is sufficient to say that they were all asked upon the theory that the defendant, without any affirmative allegations in his pleading to that effect, could attack his written agreement of September 2, 1918, upon the ground of mistake and fraud in its procurement, or such questions were incompetent for other reasons. Later, after the defendant had been permitted to amend his answer in the respect heretofore mentioned he was allowed full latitude to examine and cross-examine said plaintiff, and to testify in his own behalf, so that even if the questions to which objections were sustained had been proper, he was not finally precluded from showing what he thereby sought to elicit, and did in fact take the stand and testify to such matters without objection.

The next contention of the appellant is that there was no evidence to sustain the finding of the trial court to the effect that the plaintiffs had originally delivered to the defendant the articles of personal property described in paragraph III of the amended complaint and for the value of which they were awarded judgment. This contention is not tenable, for the reason that the record does in fact contain such testimony, and the appendix to the defendant's own brief also sets it up.

In connection with these articles of personal property the point is made by the appellant that the complaint charges that they were converted by him, whereas the evidence

50 Cal. App.—43

shows that the main item in value of this property was 105 tons of hay, and that this hay had come rightfully into the possession of the defendant under the terms of the contract of September 21, 1917, and had by him been fed to the stock acquired by him from the plaintiffs at the same time, and which use of hay was contemplated by said contract; that the defendant, therefore, had been guilty of no wrongful act in regard to it such as is essential to the proof of a conversion.

It is true that the complaint in charging the defendant with his failure and refusal to deliver this hay also alleges that he converted it, but the trial court made no finding against the defendant upon the allegation of conversion, but found merely that he had failed and refused to deliver it in accordance with his agreement of September 2, 1918. As this finding is amply supported by the evidence it is not open to attack upon the ground that a technical conversion had not been proven.

The appellant also attacks as unsupported by the evidence a finding of the court that a certain quantity of hay left by the defendant upon the premises of the plaintiffs when redelivered to them in accordance with the terms of the agreement of September 2, 1918, was delivered to the plaintiffs as part of the 200 tons of hay that he was obligated thereby to return, it being the contention of the appellant that he had no intention of parting with his title to said hay in thus abandoning it to the plaintiffs. We discern no merit in this contention. The court having found that the defendant had undertaken to deliver to the plaintiffs 200 tons, was justified in construing the defendant's act of surrendering the quantity of hay in question to the plaintiffs at the time of his redelivery of the real property as a performance *pro tanto* of his obligation to deliver 200 tons of said commodity, notwithstanding his subsequent demand upon the plaintiffs for said hay. He was given credit for its value, and the amount of the judgment which the plaintiffs would otherwise have recovered was diminished thereby.

[2] It is next contended by the appellant that there is no evidence of any consideration moving to him for his agreement of September 2, 1918, to return to the plaintiffs the personal property in question. This contention is based

to some extent upon the fact that at the time of negotiating and signing it the plaintiff, Herbert Francisco, and the defendant did not use the term "consideration" or speak of it. As to this, it may be said that it would be very unusual to find two laymen, in negotiations with each other, using legal terms, and conducting them upon the hypothesis that they were later going to have a lawsuit over them. The facts developed at the trial showed quite clearly that the consideration moving to the appellant for his undertaking of September 2, 1918, was his release by the plaintiffs from all further obligation under his contract of September 21, 1917—in other words, the rescission of said contract by mutual agreement. The evidence also shows that the defendant, being in default, was expressly by said later agreement granted the right to retain the possession and use of the property for a specified time after such default, with the right to receive the income therefrom. This alone was a sufficient consideration.

It is also urged by the appellant that the trial court erred in construing his agreement of September 2, 1918, as an undertaking to return all of the personal property received by him under the former agreement; but as to this, the appellant had ample opportunity under his amended pleading setting up mistake and fraud to offer evidence that the contract did not mean what it said. Having failed to substantiate the allegations of his amended answer, the trial court was left with no option but to give to the words of the contract their ordinary meaning. It is urged that such construction makes the undertaking of the defendant quite unreasonable, but it ought not to be necessary to observe that many persons enter into unreasonable contracts, and it is no function of the courts to relieve them from the effects of their foolishness.

Finally, the point is made that the finding of the trial court to the effect that the defendant had authorized the plaintiff Herbert Francisco to invest for him the sum of $500 in certain mining stocks, which stocks said plaintiff had not refused or failed to deliver to the defendant, is unsupported by the evidence. The record, however, shows that said plaintiff testified directly to the facts as found by the court, and such evidence, being accepted as true by the

court, is amply sufficient to support its finding in that regard.

We find no error in the record, consequently the judgment must be affirmed. It is so ordered.

Kerrigan, J., and Seawell, P. J., *pro tem.*, concurred.